UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CARL A. EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | Civil Action No: SA-10-CA-220-XR |
| ) | |
| RICK THALER, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On this date, the Court considered the United States Magistrate Judge's Report and Recommendation concerning Petitioner Carl Evans's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 16) and Petitioner's objections thereto (docket no. 21). After careful consideration, the Court ACCEPTS the recommendation and accordingly, DISMISSES in part and DENIES in part the petition for a writ of habeas corpus.

**Background**

Petitioner is currently serving a fifty-five-year sentence in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division after a jury convicted him of aggravated assault with a deadly weapon. *Texas v. Evans*, No. 2005-CR-1149 (290th Dist. Ct., Bexar County, Tex. Aug. 17, 2006). The jury convicted Evans of shooting Roderick Lighteard Sr. in the leg on October 27, 2004. Petitioner directly appealed his conviction, and the Court of Appeals affirmed. *See Evans v. Texas*, No. 04-06-00587-CR, 2008 WL 441725 (Tex. App.—San Antonio Feb. 20, 2008, pet. ref'd). The Texas Court of Criminal Appeals refused Evans's petition for discretionary review. *See Evans v. Texas*, PDR No. 323-08 (Tex. Crim. App. June 11, 2008). After

1

his direct appeals were denied, Petitioner filed a state application for a writ of habeas corpus with the Court of Criminal Appeals, which was also denied. *See Ex Parte Evans*, App. No. 37,742-02 (Tex. Crim. App. Sept. 30, 2009).

Petitioner filed a petition for habeas corpus with this Court on March 29, 2010. In his petition to this Court, Evans asserted seventeen grounds for habeas relief: (1) the evidence was insufficient to support his conviction; (2) the prosecutor erred in vouching for the credibility of a state witness; (3) the prosecutor erred in telling the jury that the community conscience demanded a certain result; (4) the prosecutor erred in arguing outside-of-the-record evidence; (5) the prosecutor erred in commenting on petitioner's failure to testify; (6) the prosecutor erred in presenting false evidence and perjured testimony; (7) the prosecutor erred in withholding exculpatory impeachment evidence; (8) the prosecutor erred in presenting prejudicial arguments during sentencing; (9) the trial court erred in making improper comments about the evidence during trial; (10) the trial court erred in overruling his counsel's objections; (11) the trial court was biased against him; (12) the trial court denied him a fair trial; (13) his counsel was ineffective because he failed to present a defensive theory or otherwise subject the state's case to meaningful adversarial testing; (14) his counsel was ineffective because he failed to object to the prosecutor's prejudicial opening statement; (15) his counsel was ineffective because he failed to investigate and call witnesses; (16) his appellate counsel was ineffective because she failed to raise most of these above-listed issues; and (17) the transcript from his trial was altered and fabricated. Pet'r's Mem. in Support of Habeas Corpus (docket no. 2). Evans's petition was referred to Magistrate Judge Mathy, who recommended that it be dismissed in part and denied in part.

## Magistrate Judge's Report & Recommendation

First, the Magistrate Judge considered Respondent Rick Thaler's arguments that some of Evans's asserted grounds for habeas relief were procedurally defaulted. Thaler argued that Evans's claims as to (1) the sufficiency of the evidence, (3) the prosecutor's allegedly improper argument to the jury regarding guilt, (4) the prosecutor's comment on Evans's failure to testify, (8) the prosecutor's allegedly improper argument to the jury during sentencing, and (17) the transcript from his trial being altered and fabricated have been procedurally defaulted. Resp't Br. (docket no. 12) at 6-9. With respect to the sufficiency of the evidence claim, the Magistrate Judge found that because Evans did not raise this challenge in his direct appeal to the Court of Appeals, but rather only in his petition for discretionary review to the Court of Criminal Appeals, the ground was procedurally defaulted. Report & Recommendation ("R&R") at 21 (citing *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986)). Moreover, the Magistrate Judge found that Evans had not made the requisite showing to overcome this procedural bar because he failed to show "cause for his default and actual resulting prejudice; or that failure to consider his claim would result in a fundamental miscarriage of justice." *Id*. at 21-22 (citing *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000)). With respect to grounds 3, 4, 5, and 8, the Magistrate Judge found that Evans did not raise them in his direct appeal, but only in his state habeas application. *Id*. at 22–23. Though he argues that this failure was due to his ineffective counsel, the Magistrate Judge found that he had not made the requisite showing to excuse the procedural default. *Id*. The Magistrate found that with respect to Evans's claimed transcript defects, the "state [court] properly found that [the claim] was not cognizable, and therefore, it was procedurally barred." *Id*. at 23.

Next, the Magistrate Judge turned to the merits of Evans's other grounds for relief. She first discussed the claims of alleged prosecutorial misconduct. As for the prosecutor's discussion about the state's witnesses' credibility, she found that the prosecutor's attempt to resurrect the witnesses' credibility was not improper because none of the prosecutor's statements expressed the prosecutor's personal belief about the witnesses' credibility, *id*. at 28-29 (citing *United States v. McCann*, 613 F.3d 486, 495 (5th Cir. 2010)), and that even if it were improper, Evans failed to demonstrate that the comments rendered his trial fundamentally unfair, *id*. at 29-30. As for the prosecutor's presentation of allegedly perjured testimony, the Magistrate Judge concluded that what Evans contends was perjury was, at best, only an inconsistent statement. *Id*. at 35-36. The Magistrate Judge also found Evans's *Brady* claim to be meritless because he never showed what evidence was withheld. *Id*. at 37; *see Brady v. Maryland*, 373 U.S. 83 (1963).

The next set of alleged grounds for habeas relief that the Magistrate Judge evaluated was Evans's claims of error by the trial court. Evans's claims in this area essentially constitute a claim that the trial court judge was biased against Evans—improper comment on the evidence, overruling defense objections, and bias. The Magistrate Judge found that there was no evidence of bias in the record. As to the allegedly improper comment on the evidence, she found that the trial judges's statement was a slightly inaccurate but immaterial reiteration of a state's witness's testimony. *Id*. at 49. As to the rulings on objections, the Magistrate Judge determined that the rulings "were either correct, or not so egregious as to demonstrate bias." *Id*. (citing *Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008)). The Magistrate Judge also found that Evans's arguments about bias were "conclusory" attempts to "resurrect [his] procedurally defaulted claims," such as insufficiency of the evidence and improper prosecutorial argument. *Id*. at 50.

Last, Evans also asserted error based on what he claims was ineffective assistance of his trial and appellate counsel. The Magistrate Judge considered Evans's claims about his trial counsel and found that the state habeas court denied all of the claims because Evans had hindered his defense in a number of ways. She recommended that this Court deny relief because there is no evidence to suggest that the state habeas court's finding (Evans's trial counsel's strategy was "questionable" but not ineffective) was unreasonable. *Id*. at 65-73; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). As for Evans's claims regarding his appellate counsel, the Magistrate Judge found that Evans failed to prove either ineffectiveness or prejudice stemming from that representation and therefore recommended denying habeas relief on that ground as well. *Id*. at 75-77.

**Standard of Review and Applicable Law**

Where, as here, the Magistrate Judge's Report and Recommendation is objected to, the Court reviews the Report and Recommendation de novo. 28 U.S.C. § 636(b)(1)(C). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. Any portions of the Report and Recommendation not objected to will be reviewed by the Court only for clear error. *Id*.; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A petition for a writ of habeas corpus is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a petitioner may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to . . . clearly established federal law" if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law [or] . . . confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is "an unreasonable application of clearly established federal law" if it either "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or makes an unreasonable determination as to whether or not to extend a legal principle from the Supreme Court's precedent to a new context. *Id*. at 407.

**Analysis**

The Court construes Evans's filing (docket no. 21) as raising six objections: (1) the Magistrate Judge incorrectly determined that the prosecutor's conduct was not grounds for habeas relief; (2) the Magistrate Judge incorrectly determined that Evans's claims of judicial misconduct were not grounds for habeas relief; (3) the Magistrate Judge incorrectly determined that his trial counsel was not ineffective; (4) the Magistrate Judge incorrectly determined that his appellate counsel was not ineffective and consequently could not excuse his otherwise procedurally defaulted claims that the prosecutor made improper arguments to the jury regarding guilt, the prosecutor commented on Evans's failure to testify, and the prosecutor made improper arguments to the jury during sentencing; (5) his sufficiency of the evidence ground is not procedurally defaulted because it was sufficient for him to have presented it in his petition for discretionary review; and (6) the Magistrate Judge misconstrued his claim regarding the transcript and such a claim is cognizable in

6

habeas.

**1.     Prosecutorial Misconduct** (Grounds 2 and 6-7)

Evans contends that he adequately proved that the state court ruling on his claim that the prosecutor improperly commented on the credibility of the state's witnesses was contrary to clearly established law, specifically citing *Darden v. Wainwright*, 477 U.S. 168 (1986) and *United States v. Young*, 470 U.S. 1 (1985). Pet'r's Objections at 4-6. Both *Darden* and *Young* dealt with improper arguments made by the prosecution during closing arguments. In *Darden*, the Supreme Court set out the test for reviewing such claims: "The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden*, 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). This requires showing that "the prosecutor's remarks evince either persistent and pronounced misconduct or . . . the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002) (internal quotation marks omitted)). "Attempts to bolster a witness by vouching for his credibility are normally improper and error. The inquiry should be whether the prosecutor's expression might reasonably lead the jury to believe that there is other evidence, unknown or unavailable to the jury, on which the prosecutor was convinced of the accused's guilt." *United States v. Ellis*, 547 F.2d 863, 869 (5th Cir. 1977). Courts must, however, consider the remarks in context. *McCann*, 613 F.3d at 495. Prosecutors are allowed to bolster "if it is specifically done in rebuttal to assertions made by defense counsel." *Id*.

The complained-of arguments,[1] as the Magistrate Judge noted, occurred after defense

---

[1] Evans points to the italicized text as the improper arguments:

[Neither] Roderick Lighteard, Junior nor Roderick Lighteard, Senior are here on trial. Carl Evans is

7

counsel tried to impeach the credibility of state's witnesses Tommy Sullivan and Rodney Lighteard Sr. by reminding the jury of each of their criminal histories. R&R at 28. Evans claims, in his objections, that the strongest evidence that the arguments were improper is that the prosecutor said, "There's no way the two of them could have gotten together, and say, 'Hey, Rod, let's cook up a story.'" Pet'r's Objections at 5. He claims that this statement would lead a jury to believe that the prosecutor had inside information. This statement, while arguably bolstering, is permissible bolstering because it was in response to Evans's counsel's attack on Sullivan's and Lighteard Sr.'s credibility. *See McCann*, 613 F.3d at 495. Additionally, the comment seems to be merely a reasonable inference from the evidence (*i.e.*, Lighteard Sr. was in jail so he could not conspire with Tommy Sullivan to lie to implicate Evans). Such arguments are proper so long as they do not cross

---

on trial. Whatever may become of Roderick Lighteard, Junior or Roderick Lighteard, Senior, they will have their day. *Roderick Lighteard, Senior has already had his day. Okay? He is going to be paying his debts to society for the next 15 years,* he told you that. *But on October 27th, 2004, like I told you, he was just as innocent as anyone in this room, not deserving any more to be shot than any one of us, and that is just the pure and simple truth.* Let's talk a little bit about the evidence and the witnesses that you heard from. I told you right off the bat, Tommy Sullivan, Roderick Lighteard, you are going to hear from them. You are going to hear about their past; you are going to hear about their backgrounds. You may or may not approve or like the lifestyle they lived, but understand, here at the DA's office, I don't get to pick my victims. I don't get to pick my witnesses. . . . *I will tell you what I try to do in each and every case, the first thing I told you when you were sitting over there, I try to do the right thing. Justice is a two–part step in the State of Texas. You first have to find that the person charged is guilty of what we say they are guilty* of, and clearly this defendant is guilty, and once we've done that, we can take that second big step toward punishment. . . . Roderick Lighteard, Senior and Tommy Sullivan, they are easy targets, and Mr. Graham has done a wonderful job of beating them up. Anyone could beat them up. Okay? Let's face it, they've done some bad things in their lives. *Tommy Sullivan, 16 years for what he did; he did his time; he paid his consequence. Since then, you didn't hear anything about Tommy Sullivan since 1991. I told him not to hide from it. Tommy Sullivan is who he is. I can't change that. . . .* Tommy Sullivan and Roderick Lighteard, sure, you can pick on them all you want. Let's talk about their testimony, though. Did their testimony—was it corroborated? Roderick Lighteard, Senior has been locked up a long time. Okay? *There's no way the two of them could have gotten together, and say, "Hey, Rod, let's cook up a story."* They did the right thing. . . . *Let's face it, it's not easy for these guys to come in here. They know who they are. They don't want to talk about it. It's not easy for these guys to come in here and tell you these things, and for you to find out these things about their past, but they did what they had to do. They came in here and they testified and they testified credibly. . . . [Y]ou go back into that jury room and you talk about this case; and you come back and you find the defendant guilty because he is guilty.*

8

over into expressing a "personal opinion on the credibility of witnesses." *Id*. (internal quotation marks omitted). Nowhere in this argument does the Court find any improper bolstering or expressions of personal opinions about witness credibility.

Evans also contends that the prosecutor put on perjured testimony because Vincent Sullivan's statement to the police contradicts what Tommy Sullivan testified to at trial—that he saw Evans shoot Lighteard Sr. To succeed in showing a due process violation from the use of perjured testimony, a petitioner has the burden of showing that false testimony was given, the falsity was material in that it would have affected the jury's verdict, and the prosecution used the testimony knowing it was false. *Giglio v. United States,* 405 U.S. 150, 153-54 (1972). As a threshold matter, this is not perjured testimony as these are statements by two different witnesses. Therefore, this claim is meritless. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

Evans further contends that the prosecutor withheld exculpatory evidence in violation of *Brady.* Specifically, he points to Tommy Sullivan's witness statement and Officer Sterling's offense report. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Evans's complaint is that these documents were only produced after their use during direct examination, which as Respondent points out is proper under Texas Rule of Evidence 615. Evans has failed to demonstrate that either of these statements was exculpatory, and therefore, there is no basis to upset the state habeas court's finding of the same. *Medellin v. Dretke*, 371 F.3d 270, 281 (5th Cir. 2004) ("[S]peculation about the suppression of exculpatory evidence is an insufficient basis to support a *Brady* claim.").

**2.     Judicial Misconduct** (Grounsd 9-12)

Evans's first complaint about the trial court's conduct is that it improperly commented on the evidence. The complained-of comment followed this question and answer:

> Q.   Were the injuries that you [Officer Hensley] observed consistent with someone having been shot with a firearm?
> A.   I didn't get a chance to examine them that closely.

Evans's counsel then objected to Hensley's ability to testify "about medical things," and the trial court responded, "He said he didn't even have a chance to see the injuries." Evans claims that, contrary to the Magistrate Judge's finding that this comment was immaterial, R&R at 49, this was critical. Pet'r's Objections at 8. This statement appears to be a slight misstatement of what Hensley testified to inasmuch as Hensley said he did not examine the injuries closely and the trial court said that he said that he did not see the injuries at all. Moreover, the trial court told the jury to disregard any statements it made during the course of trial. Claims of trial error on federal habeas review are subject to harmless error review. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). "Under this standard, habeas petitioners . . . are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice'"—that is, a "substantial and injurious effect or influence [on] the jury's verdict." *Id*. at 637. Far from the critical influence that Evans claimed it had, this misstatement cannot be said to have prejudiced the jury so as to entitle Evans to relief on this ground. The Magistrate Judge was correct; this error was harmless.

A second improper comment Evans claims came when the trial court discussed Evans's counsel's attempted impeachment of Lighteard Sr. by using his arrest history. The trial court said, "What a person is arrested for is not admissible. What they are convicted of is, he's told you what he's convicted of, if he's mistaken about that, I'm sure it can be corrected." Evans argues that this

"if statement" bolstered Lighteard Sr.'s credibility because it suggested to the jury that the trial court believed Lighteard's previous testimony. Pet'r's Mem. at 9. But this was not a comment on Lighteard Sr.'s credibility, but merely the trial court explaining the law to Evans's counsel. As with the previous statement, this was not error and even if it were, it was mitigated by the jury instructions to disregard the trial court's comments. Therefore, this statement is not a basis for granting habeas relief to Evans.

Evans also asserts that the trial court erred in allowing the prosecutor to badger his brother Chris Evans and to comment about what Chris Evans did not say during his testimony. To the extent that Evans is trying to assert his brother's Fifth Amendment rights, he lacks standing to do so. *United States v. Dowdy*, 486 F.2d 1042, 1043 (5th Cir. 1973). To the extent that Evans is arguing that the trial court improperly ruled on the objection, there is no basis to find error. Moreover, Evans had shown no harm that flows to him as a result of this allegedly improper conduct.

**3.     Ineffective Assistance of Trial Counsel** (Grounds 13-15)

Claims of ineffective assistance of counsel are review under *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires that for counsel to be deemed ineffective (1) counsel's representation must have fallen "below an objective standard of reasonableness," *id.* at 688, and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *id.* at 694. Additionally, counsel enjoys a "strong presumption" that his conduct was reasonable. *Id.* at 689. When viewed through the lens of AEDPA, this requires a petitioner to show that "the state court's decision—that [petitioner] did not make the *Strickland* showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir.

11

2003). Evans argues that he did show specific facts demonstrating his trial counsel's ineffectiveness; his trial counsel failed in his duty to zealously represent him when he withdrew his guilty plea; and he in no way hindered his trial counsel's defense. Pet. Objections at 9-12. In his petition, Evans claimed ineffectiveness because of a failure to present a defensive theory (self-defense or defense of others), failure to object during the prosecutor's opening statement, and failure to investigate the claims. Pet'r's Mem. at 21-24.

As to Evans's trial counsel's alleged failure to present a defensive theory, the Court notes at the outset that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (internal quotation marks omitted). Evans's defensive theory was premised on the potential testimony of Arthur Morgan. The trial court, however, found that none of Evans's counsel's personnel could find Morgan. In light of the inability to find Morgan, Evans's trial counsel advised him to testify on his own behalf, something that Evans refused to do. Without anyone to testify about a defensive theory and given that Evans withdrew his previous plea in order to go to trial on a defensive theory, Evans's counsel seems to have done the best he could. He tried to impeach the state's witnesses and put on testimony about Evans's state of mind (endangered) to show that the shooting may have been in self-defense. Evans has done nothing to show that the state trial court's factual findings were incorrect or to show that there was anything any attorney could have done, especially in light of his hindrance of his own defense. *See Wilkerson v. Whitley*, 16 F.3d 64, 68 (5th Cir. 1994).

The opening statement that Evans thought should have been objected to regarded what

Tommy Sullivan would testify to and the extent of the victim's injuries. "The purpose of an opening statement is to tell the jury what the case is about and to outline the proof." *United States v. Breedlove*, 576 F.2d 57, 60 (5th Cir. 1978). What Evans claims his trial counsel should have objected to was just what opening statements are for—outlining proof; therefore, any objection would have been futile and cannot constitute error. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

As to the failure to investigate claim and failure to call witnesses claim, "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Additionally, the trial court found that a private investigator spent 7.5 hours locating and interviewing witnesses at the direction of petitioner's counsel and no one could find Morgan. As discussed above, Evans was not very helpful in aiding in his defense. Taken together, all of these things demonstrate that Evans cannot meet his burden under AEDPA.

**4. Ineffective Assistance of Appellate Counsel and Excuse for Procedural Default**
   (Grounds 3-5, 8, and 16)

*Strickland*'s standard for ineffective assistance of counsel claims applies to appellate counsel as well. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Evans's claims as to the ineffectiveness of his appellate counsel essentially quibble with her choice of which issue to present on appeal. "It is not only reasonable but effective for counsel on appeal to winnow out weaker arguments and focus on a few key issues." *Mayo v. Lynaugh*, 882 F.2d 134, 139 (5th Cir. 1989). Evans asserts that his appellate counsel should have raised a number of the claims he presents here on appeal (insufficiency of the evidence, judicial bias, prosecutorial misconduct, etc.). Pet'r's Mem. at 25-26. As discussed

above, many of these claims have been found to be meritless even absent AEDPA's deference to the state court proceedings. Moreover, in *Jones v. Barnes*, 463 U.S. 745 (1983), the Court said, "Neither *Anders* [*v. California*, 386 U.S. 738 (1967)] nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones*, 463 U.S. at 751. Evans has not demonstrated here that his appellate counsel's failure to press these specific claims on appeal, even the ones with merit, was anything more than a judgment call. Therefore, no habeas relief is available to Evans on this ground.

Additionally, Evans contends that his claims that the prosecutor made improper arguments to the jury regarding guilt, commented on Evans's failure to testify, and made improper arguments to the jury during sentencing, which the Magistrate Judge found to be procedurally defaulted, R&R at 22–23, were defaulted because of his appellate counsel's ineffective assistance. Pet'r's Objections at 2. Ineffective assistance of counsel can provide the "cause" to excuse an otherwise procedurally defaulted claim. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). The Court, however, has found that none of Evans's counsels was ineffective and so the procedural default cannot be excused on that basis. *See id*.

5. **Defaulted Sufficiency of Evidence Claim** (Ground 1)

The Magistrate Judge found that Evans's challenge to the sufficiency of the evidence was procedurally defaulted because although he raised the claim in his petition for discretionary review to the Court of Criminal Appeals, he did not raise it on direct appeal to the Court of Appeals. R&R at 21–22. Evans points the Court to *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (5th Cir. 1999), and claims that under that holding, presenting issues to the state court on a petition for discretionary

14

review is sufficient to preserve the claim for federal habeas. Evans is incorrect. *O'Sullivan* stands for the proposition that failure to present claims in a petition for discretionary review will procedurally default them; that is, presentation in a petition for discretionary review is *necessary*. *Id*. *O'Sullivan* does not, however, say that presentation of claims in a petition for discretionary review is *sufficient* to survive a procedural bar. "Under Texas law, . . . questions of the sufficiency of the evidence . . . may be raised on direct appeal but not in a habeas proceeding." *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986). The Magistrate Judge was correct in finding that Evans's sufficiency of the evidence claim is procedurally defaulted.

**6.    Transcript Claim** (Ground 17)

Evans claims that the Magistrate Judge misconstrued his transcript claim by construing it, as the Court of Criminal Appeals had, as a claim that the transcript affected his fair trial rights. Pet'r's Objections at 2–3. Instead, he argues that his claim was that the transcript denied him a right to a fair first appeal. *Id*. at 3. The Court of Criminal Appeals rejected this claim as non-cognizable. *Ex Parte Evans*, App. No. 37,742-02, at cover, at 244 (Tex. Crim. App. Sept. 30, 2009). Where a state habeas court finds a claim not to be cognizable, it is a finding that the claim is procedurally defaulted. Additionally, the Court of Criminal Appeals's brief discussion of the merits of Evans's transcript claim does not render the claim not procedurally defaulted. *See Cook v. Lynaugh*, 821 F.2d 1072, 1077 (5th Cir. 1987) ("The rule in this circuit is that, when a state court bases its decision upon the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good 'cause' and 'prejudice,' deny habeas relief because of the procedural default."). Evans has shown neither cause nor prejudice.

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner's objections lack merit. Additionally, this Court's review of the non-objected-to portions of the Magistrate Judge's Report and Recommendation reveals no clear error. Accordingly, this Court DISMISSES in part and DENIES in part Petitioner Evans's petition for a writ of habeas corpus.

It is so ORDERED.

SIGNED this 9th day of December, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE